The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; and VERA BRADLEY DESIGNS, INC. an Indiana corporation,

Plaintiffs,

v.

WEI "TONY" JIANG, et al.,

Defendants.

No. 2:18-cv-00356-RSL

**PROTECTIVE ORDER**

## I.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## II.   "CONFIDENTIAL" MATERIAL

"Confidential" material is information in any item that a party believes is confidential and should be designated as "CONFIDENTIAL," as provided for below. These items include

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

documents or portions thereof; interrogatories, requests for admission, requests for production of documents, and answers and responses thereto; deposition testimony and transcripts; and any tangible things. Confidential material shall include the following categories of information:

(a) information from and about Amazon's proprietary business systems and processes;

(b) information about Amazon's and Vera Bradley's strategies, mechanisms, and processes for detecting and responding to counterfeit product sales;

(c) sensitive personal information (including, for example, tax returns, bank statements, financial account numbers, and medical information);

(d) confidential pricing and availability information of Vera Bradley products; and

(e) contracts and license agreements between Vera Bradley or Amazon and any third parties which tends to reveal business strategy or competitively sensitive information.

## III. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or, without contravening any portion of this Protective Order, becomes part of the public domain through trial or otherwise.

## IV. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

A. Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  agreement. Confidential material must be stored and maintained by a receiving party at a

2  location and in a secure manner that ensures that access is limited to the persons authorized

3  under this agreement.

4  **B.**  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

5  ordered by the Court or permitted in writing by the designating party, a receiving party may

6  disclose material designated as "CONFIDENTIAL" only to:

7  **1.**  the receiving party's counsel of record in this action, in-house counsel

8  who oversee and participate in this case, and employees of counsel of record or in-house

9  counsel to whom it is reasonably necessary to disclose the information for this litigation;

10  **2.**  the receiving party, and any officers, directors, and employees of the

11  receiving party to whom disclosure is directly necessary for this litigation;

12  **3.**  experts and consultants to whom disclosure is reasonably necessary for

13  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

14  (Exhibit A);

15  **4.**  the Court, Court personnel, and court reporters and their staff;

16  **5.**  copy or imaging services retained by counsel to assist in the duplication

17  of "CONFIDENTIAL" material, provided that counsel for the party retaining the copy or

18  imaging service instructs the service not to disclose any "CONFIDENTIAL" material to third

19  parties and to immediately return all originals and copies of any "CONFIDENTIAL" material;

20  **6.**  during their depositions, witnesses in the action to whom disclosure is

21  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

22  Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court.

23  Pages of transcribed deposition testimony or exhibits to depositions that reveal, refer to,

24  describe, or otherwise disclose "CONFIDENTIAL" material must be separately bound by the

25  court reporter and may not be disclosed to anyone except as permitted under this agreement;

26  **7.**  the author or recipient of a document containing the information or a

27  custodian or other person who otherwise possessed or knew the information.

PROTECTIVE ORDER
(No. 2:18-cv-00356-RSL) - 3

**C.**  Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## V.   DESIGNATING PROTECTED MATERIAL

**A.**  Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited unless discussed and agreed to by the Parties in advance. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**B.**  Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

PROTECTIVE ORDER
(No. 2:18-cv-00356-RSL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1.	Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the term "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2.	Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL." If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

3.	Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the term "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

C.	"Attorneys' Eyes' Only." The parties shall have the right to further designate Confidential Material or portions thereof as "ATTORNEYS' EYES ONLY." This designation may be made upon a good faith belief that such Confidential Material contains one or more of the following:

1.	highly sensitive personal information (e.g., personal tax returns or medical information);

2.	highly confidential trade secrets related to Plaintiffs' piracy and anti-counterfeit enforcement efforts; or

3.	highly confidential trade secrets relating to research, development, pricing, regulatory, or commercial information, the disclosure of which to any employee,

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

officer, director, consultant, contractor, subcontractor, or shareholder of any other party or any of its affiliates would create a risk of significant injury to the designating party's business.

Disclosure of such Confidential Material designated as "ATTORNEYS' EYES ONLY" shall be limited to the persons designated in, and in accordance with, Section IV.B, parts (1) and (3) through (7), but not part (2). All other provisions herein applicable to Confidential Material shall be applicable to Confidential Material designated as "ATTORNEYS' EYES ONLY" under this Section V.C.

**D.** Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**A.** Timing of Challenges. Any party or non-party may challenge a designation of confidentiality, including "ATTORNEYS' EYES ONLY," at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**B.** Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**C.** Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

**1.** promptly notify the designating party in writing and include a copy of the subpoena or court order;

**2.** promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

**3.** cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were

PROTECTIVE ORDER
(No. 2:18-cv-00356-RSL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## IX. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

## X. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding the requirements of this paragraph, however, a party's outside counsel of record is not required to delete copies of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material that may reside on their respective firm's email archive or electronic back-up systems. In addition, , each party's counsel of record is entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such material contains confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

PROTECTIVE ORDER
(No. 2:18-cv-00356-RSL) - 8

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  PURSUANT TO THE PARTIES' STIPULATION, Dkt. # 37, AS AMENDED

2  HEREIN, IT IS SO ORDERED.

3  IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

4  any documents in this proceeding shall not, for the purposes of this proceeding or any other

5  proceeding in any other court, constitute a waiver by the producing party of any privilege

6  applicable to those documents, including the attorney-client privilege, attorney work-product

7  protection, or any other privilege or protection recognized by law.

8  DATED this 11ᵗʰ day of Sept., 2018.

Robert S. Lasnik
United States District Judge

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax